# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JABARI HAYES, <br> BOP REG. NO. 30957-044, <br> Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS <br> 28 U.S.C. § 2241 |
| v. | : <br> : <br> : | CIVIL ACTION NO. <br> 1:09-CV-2501-RWS |
| LOREN GRAYER; HARLEY LAPPIN; and FEDERAL BUREAU OF PRISONS, <br> Respondents. | : <br> : <br> : <br> : | |

## ORDER AND OPINION

Petitioner, presently confined at the Atlanta Federal Prison Camp in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to have this Court order the Federal Bureau of Prisons ("BOP") to consider him in good faith for placement in a Residential Re-entry Center ("RRC") for twelve (12) months. The matter is before this Court on the petition for a writ of habeas corpus [1]; Respondents' answer-response [4]; and Petitioner's rebuttal [7].

I.  Background

On November 19, 2004, Petitioner was convicted in the United States District Court for the Eastern District of Missouri of interstate and foreign travel with intent to promote the carrying on of an unlawful activity, and he was

sentenced to sixty (60) months imprisonment to be followed by three years of supervised release. United States v. Hayes, Case No. 4:04-CR-274-RWS (E.D. Mo. Nov. 19, 2004). (Resp. Attachment 1 at 1.) On January 4, 2008, Petitioner was convicted in the United States District Court for the Eastern District of Michigan of conspiracy to launder monetary instruments, and he was sentenced to forty-five (45) months and twenty (20) days imprisonment to be followed by two years of supervised release. United States v. Hayes, Case No. 05-CR-80955-9 (E.D. Mi. Jan. 4, 2008). (Resp. Attachment 1 at 1-2.) Based on Petitioner's good conduct time, he has a projected statutory release date of November 17, 2010. (Resp. Attachment 1 at 3; Doc. 1 at 2, Doc. 1, Pet. Ex. 14 at 1.)

On April 3, 2009, Petitioner filed his first 28 U.S.C. § 2241 petition for a writ of habeas corpus in which he alleged that the BOP was refusing to consider him for placement in an RRC for up to twelve (12) months, as required by the Second Chance Act, codified at 18 U.S.C. § 3624 (2008). Hayes v. Grayer, Civil Action No. 1:09-CV-0896-RWS (N.D. Ga. May 26, 2009). On May 26, 2009, that petition was dismissed without prejudice due to Petitioner's failure to exhaust his available administrative remedies. Id., Docs. 4 and 5. This Court also found that the petition was moot, because, after the petition had been filed, the BOP had

considered Petitioner for placement in an RRC for up to twelve (12) months. Id., Doc. 4 at 7-10.

On September 10, 2009, this 28 U.S.C. § 2241 petition for a writ of habeas corpus was received by the Clerk of the Court. (Doc. 1.) Petitioner acknowledges that he was recommended for placement in an RRC for 150-180 days, but he claims that the BOP "falsely considered him for placement" under the previous version of 18 U.S.C. § 3624. (Doc. 1 at 3.) In support, Petitioner refers to Case Manager Wilson's response to an inmate request Petitioner filed concerning his request for placement in an RRC for up to twelve (12) months. (Id., Pet. Ex. 3.) In that response, Wilson stated:

> Regarding your request for extended RRC placement, policy advises that "An RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement." After assessing your pre-release needs based on criteria outlined in the Second Chance Act, the unit team concluded there is no extraordinary justification to warrant an RRC placement beyond six months." The unit team concluded the requested range of 150-180 days was of sufficient length to allow the greatest likelihood for your successful reintegration into the community.

(Id.)

As relief, Petitioner asks this Court to order the BOP either (1) "to consider him in good faith for twelve months in an RRC, six months in an RRC and six

3

months home confinement, or any combination for a total of twelve months pursuant to the criteria set forth in the Second Chance Act," or (2) "to grant relief for 12 months RRC placement based on meeting all of the requirements in the Act, [28 U.S.C. §] 3621(b)(1)-(5)." (Id. at 3, 16 and 28.) In support, Petitioner states that he has been described by his Case Manager as a "model inmate." (Id. at 2.)

On October 30, 2009, Respondents filed their answer-response. (Doc. 4.) Respondents contend that this habeas petition should be dismissed for the following reasons: (1) Petitioner's claims are barred by the doctrine of res judicata; (2) Petitioner has failed to exhaust his administrative remedies; (3) Petitioner's claims are moot; and (4) the BOP's RRC placement decision complied with the Second Chance Act. (Id., throughout.) Respondent Lappin also contends that he should be dismissed as a party in this action. (Id. at 10.)

On November 16, 2009, Petitioner filed a rebuttal to the answer-response. (Doc. 7.) Petitioner argues: (1) the doctrine of res judicata does not apply to this habeas petition because the prior petition was dismissed without prejudice; (2) he has exhausted his administrative remedies; (3) this action is not moot; and (4) the BOP has violated the Second Chance Act by limiting placement in an RRC for

4

more than to six months to prisoners with "extraordinary circumstances." (Id., throughout.)

II.   Statutory and Regulatory Framework

The Second Chance Act altered the BOP's authority for making RRC placement decisions. Previously, 18 U.S.C. § 3624(c) directed that the BOP:

> shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c), amended, Pub. L. No. 110-199, Title II, § 251(a), 122 Stat. 657 (2008). The Second Chance Act altered former § 3624(c) and now provides under 18 U.S.C. §§ 3624(c)(1)-(4):

> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. §§ 3624(c)(1)-(4). The Second Chance Act also states:

**(6) Issuance of regulations.**--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

**(A)** conducted in a manner consistent with section 3621(b) of this title;

**(B)** determined on an individual basis; and

**(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c)(6).

AO 72A
(Rev.8/82)

Pursuant to § 3624(c)(6), the BOP amended its regulations to provide for placement in an RRC for up to twelve (12) months. See 28 C.F.R. §§ 570.20-570.21. Relevant to Petitioner's case, § 570.21 states:

> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.
>
> (c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

28 C.F.R. §§ 570.21(a)-(c).

The BOP's discretion, referenced in 18 U.S.C. §§ 3624(c)(4), is codified at 18 U.S.C. §§ 3621(b)(1)-(5) and states:

> **(b) Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–

AO 72A
(Rev.8/82)

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

   (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the he Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. §§ 3621(b)(1)-(5).

Pursuant to these statutes, Petitioner contends he is eligible for placement in an RRC for twelve (12) months or six months in an RRC and six months in home confinement. This Court will now address the arguments raised by Petitioner and Respondents.

III. Analysis

   A. Doctrine of Res Judicata

Respondents contend that this action is barred by the doctrine of res judicata, because Petitioner raised the same claims and sought the same relief in

8

his previous habeas corpus petition. (Doc. 4 at 3-4.) Petitioner answers that his previous petition was dismissed without prejudice, and, therefore, the doctrine of res judicata does not bar him from seeking placement in an RRC for twelve (12) in a second habeas petition. (Doc. 7 at 1-2.) Petitioner also contends that, unlike the first petition, (1) he has now exhausted his administrative remedies, and (2) he is now claiming he was denied "good faith" consideration under the Second Chance Act. (Id.)

Petitioner is correct. First, res judicata does not apply to a habeas petition when the previous one was dismissed without prejudice. See Stewart v. Martinez-Villareal, 523 U.S. 637, 645 (1998) (when first federal habeas petition is dismissed without prejudice, it is not a successive petition barred by 28 U.S.C. § 2244); Felker v. Turpin, 518 U.S. 651, 664 (1996) ("new restrictions on successive petitions constitutes a modified res judicata rule").

Additionally, this action raises a similar, but different claim from the first petition. In the first petition, Petitioner contended that the BOP had not considered him for placement in an RRC under the Second Chance Act. See Hayes, Civil Action No. 1:09-CV-896-RWS, Doc. 4 at 2-3. After filing that action, the BOP considered Petitioner for placement in an RRC. Id. at 3.

Petitioner claims in this petition that the BOP "falsely considered him for placement" under the previous version of 18 U.S.C. § 3624. (Doc. 1 at 3.) In order for res judicata to apply, "the same cause of action must be involved in both cases." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). Petitioner is not barred by the doctrine of res judicata from challenging the manner in which the BOP considered him for placement in an RRC.

B. Mootness

Because this Court found Petitioner's first habeas corpus petition to be moot, Respondents contend that this action is also moot. (Doc. 4 at 6-7.) According to Respondents, "Petitioner has presented nothing which suggests that the Court should rule differently here." (Id. at 3.)

As noted above, this action raises a different claim from the one Petitioner raised in his prior habeas corpus petition. Petitioner's new claim has yet to be resolved by this Court. Therefore, this action is not moot.

C. Exhaustion

Respondents argue that the instant petition should be denied on the basis that Petitioner "failed to complete the administrative process prior to filing this petition." (Doc. 4 at 4.) The record indicates that at the time Petitioner executed

10

this petition, he had sought relief from the General Counsel's Office. (Doc. 4, Attachment 2 at ¶ 7.) Pursing relief with the General Counsel's Office is the last step in the three-level administrative remedy process. See 28 C.F.R. § 542.15(a). However, the General Counsel's Office had not yet responded when this petition was filed, and it was not required to respond until October 5, 2009. (Doc. 4, Attachment 2 at ¶ 7.) In fact, the General Counsel's Office could seek to postpone rendering a final decision until October 26, 2009. (Id.) The record does not indicate that an extension for time to answer Petitioner's appeal was sought by the General Counsel's Office. (Id.)

In his rebuttal, Petitioner relies on Respondents' attachment to point out that, as of October 28, 2009, the General Counsel's Office had not filed a response to his request for relief from the BOP's RRC placement decision. (Doc. 7 at 3; Doc. 4, Attachment 2 at ¶ 7.) Therefore, according to Petitioner, his petition is "ripe [for] adjudication." (Doc. 7 at 3.)

It is well-settled in this Circuit that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements." Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (affirming the dismissal of a federal prisoner's § 2241 petition for failure to exhaust

administrative remedies). "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels [of the BOP's administrative remedies]." Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

As noted by Respondents, the purpose of the exhaustion requirement is "to give the agency a full and fair opportunity to adjudicate their [prisoner's] claims." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Petitioner has pursued all the administrative remedies available to him, and the General Counsel's Office did not make a final decision within the required time-period. Since the General Counsel's Office has been given the mandated amount of time to resolve this matter, the purpose for requiring inmates to exhaust their available remedies has been satisfied. Additionally, Petitioner's projected release date is November 17, 2010. Therefore, Petitioner can no longer reside in an RRC for twelve (12) months. Requiring Petitioner to wait for a final response, re-file his habeas corpus petition, and wait for Respondents to file an answer-response would only serve to reduce the possible amount of time he could stay at an RRC. Under these circumstances, this habeas petition should not be dismissed for lack of exhaustion. See Strong v. Schultz, 599 F. Supp. 2d 556, 561 (D.N.J. 2009) ("dismissal of the Petition as unexhausted would effectively moot Petitioner's § 2241 claim through

12

no fault of his own"); Outlaw v. Grayer, Civil Action No. 1:09-CV-1056-CAP (N.D. Ga. Aug. 25, 2009) (excusing exhaustion because "Petitioner would likely be irreparably harmed in that he may loose the opportunity for 12 months in RRC confinement"); c.f. Jones v. Zenk, 495 F. Supp. 2d 1289, 1296-1300 (N.D. Ga. 2007) (a futility exception may be crafted when a federal prisoner challenges a BOP regulation under 28 U.S.C. § 2241).

D.  BOP's RRC Placement Policy

Petitioner complains that the BOP is only placing inmates in an RRC for longer than six months in "extenuating, compelling, exceptional circumstances." (Doc. 1 at 22.) Petitioner contends that this restriction contravenes the intent of Congress, expressed in § 3624(c)(1), "that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Section 3634(c)(1) goes on to state: "Such conditions may include a community correctional facility."

Courts which have addressed this matter, have concluded that "the BOP retains discretion under the Second Chance Act to decide whether and when an

inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors [in § 3621(b)]." Somerville v. Dewalt, Civil Action No. 5:09-CV-68-KKC, 2009 WL 1211158, *5 (E.D. Ky. May 1, 2009); Daraio v. Lappin, Civil Action No. 3:08-CV-1812-MRK, 2009 WL 303995, *5 (D. Conn. Feb. 9, 2009) ("it is permissible for the BOP to search for "extraordinary justification" before granting an RRC placement in excess of 180 days provided that the BOP considers the five-factor statutory list."); see also Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008) (approving of BOP's limits on placement in an RRC under § 3621(b) due to the statute's discretionary language: "may designate any available penal or correctional facility"); Levine v. Apker, 455 F.3d 71, 80 (1st Cir. 2006) ("the language 'may designate' in this provision seemingly endows the BOP with 'broad discretion'"). To support this conclusion, these courts have relied on the Supreme Court decision in Lopez v. Davis, 531 U.S. 230 (2001). Lopez was considered with the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B). Lopez, 531 U.S. at 238. Section 3621(e)(2)(B) provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons." The Lopez Court

14

concluded that the BOP had the discretion to exclude inmates whose sentence was enhanced by possessing a firearm when they committed an otherwise nonviolent crime from having their sentences reduced by participating in the drug abuse program. Lopez, 531 U.S. at 240. In support of that holding, the Supreme Court relied upon the use of the phrase "may be reduced" to conclude that the BOP has the discretion to decide whether a category of inmates eligible for consideration under § 3621(e)(2)(B) will be permitted to have their sentence reduced. Lopez, 531 U.S. at 241.

The cases relied upon by Petitioner do not support his claim that he should be placed in an RRC for twelve (12) months. See Strong, 599 F. Supp. 2d at 562; Outlaw, Civil Action No. 1:09-CV-1056-CAP, Docs. 4 and 6. In Strong, the District Court was concerned with a memorandum, dated April 14, 2008, which was five days after enactment of the Second Chance Act. Id. at 562. The memorandum stated: "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." Id.

15

The Strong Court concluded that this memo had the effect of "denying staff the discretion to recommend a placement longer than six months (without advance written approval from the Regional Director), the April 14, 2008, Memorandum is inconsistent with the Second Chance Act's amendments to § 3624(c)." Strong, 599 F. Supp. 2d at 563. However, the District Judge also noted that the memo at issue was replaced by another memorandum, dated October 21, 2008, which was after Strong's CCC[1] placement decision, altered the previous directive. Id. at 562-63. The new memorandum, under which Petitioner's RRC placement decision was made, stated: "Inmates may be designated to community confinement as a condition of prerelease custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." Id. at 563. The Strong Court concluded that the new directive "does not limit the discretion of staff to designate inmates to a CCC for more than six months." Id. Thus, Strong, did not consider the issue of whether the prison officials may limit extended placement in an RRC to those prisoners with "extraordinary circumstances."

The decision in Outlaw is not applicable to Petitioner's case. In Outlaw, the Court found that the BOP had not yet considered Outlaw for placement in an RRC

---

[1] RRCs were formally known as Community Confinement Centers ("CCC").

"17 to 19 months prior to his projected release date," as required by BOP procedures. Outlaw v. Grayer, Civil Action No. 1:09-CV-1056-CAP, Doc. 4 at 8. The Outlaw Court merely directed "the BOP to make a final determination concerning his eligibility for such [RRC] placement." Id. Petitioner has already been considered for placement in an RRC. Therefore, the Outlaw decision does not support his claim that he is entitled to be placed in an RRC for twelve (12) months.

Similar to the statute in Lopez, § 3624(c) states that the BOP "may consider a community confinement facility" and § 3621(b) provides that the BOP "may designate any available penal or correctional facility." Beyond the five factors listed in § 3621(b)(1)-(5), nothing in the statute limits the BOP's discretion to determine if, or for how long, an inmate must stay in an RRC. Thus, as concluded by other courts addressing this matter and, in general, Lopez, this Court holds that the BOP may limit placement in an RRC beyond six months to those inmates with extenuating or exceptional circumstances.

Petitioner is correct that this result may mean that prisoners who serve short sentences, such as one year, will spend a larger portion of their sentence in an RRC than prisoners, such as himself, who serve longer sentences. (Doc. 1 at 6.)

As conceded by Petitioner, however, prisoners are placed in RRCs in order "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). (Doc. 1 at 18.) There is no requirement that the BOP attempt to provide inmates an equal percentage of time in an RRC.

Petitioner also attempts to show how he qualifies for twelve (12) months in an RRC. (Doc. 1 at 6-7.) As the BOP retains the discretion to determine RRC placement, a detailed review of Petitioner's analysis of the five factors under § 3621(b) is not necessary. This Court does note that Petitioner's good conduct, numerous training courses, previous dental furlough, prior home confinement, convictions for nonviolent crimes, and service as an instructor in prison classes suggest that he would need comparatively little time in an RRC to adjust to life outside prison. Furthermore, contrary to Petitioner's claim, his sentencing judge did not recommend that Petitioner spend twelve (12) months in an RRC. (Doc. 1, Ex. 10.) The sentencing judge merely recommended that Petitioner "be allowed early placement in a Residential Re-entry Center, if eligible, in accordance with the Second Chance Act." (Id.) The sentencing judge also acknowledged that his "recommendation does not ensure . . . early placement." (Id.) Even if the sentencing judge's recommendation could be construed as a

recommendation for twelve (12) months in an RRC, nothing in the record suggests that the BOP did not take his recommendation under consideration.

In summary, the BOP has not violated the Second Chance Act by concluding that Petitioner does not have "exceptional circumstance" warranting placement in an RRC for twelve (12) months. This federal habeas corpus petition should be dismissed.

E.  Respondents Harley Lappin and BOP

Respondent Lappin, Director of the BOP, seeks to be dismissed as a Respondent, because he is not Petitioner's custodian. (Doc. 4 at 10.) This argument would also apply to the BOP. The Supreme Court has held that the proper respondent in a habeas corpus action is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent Warden Grayer is the person with the ability to bring Petitioner before this Court. Accordingly, Respondents Lappin and BOP should be dismissed as parties in this action.

AO 72A
(Rev. 8/82)

IV. Conclusion

**IT IS ORDERED** that Harley Lappin and the Federal Bureau of Prisons are **DISMISSED** as Party-Respondents in this action. The federal petition for a writ of habeas corpus [1] is **DENIED**, and this action is **DISMISSED**.

**IT IS ORDERED**, this 17th day of December, 2009.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)